IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ANDREW L. DEMROW, on his behalf and on behalf of all those similarly situated,

    Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC., a Colorado corporation.

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff Andrew L. Demrow by and through his attorneys, Karp Neu Hanlon, P.C. and for a Complaint against Defendant Ensign United States Drilling, Inc. (hereinafter "Ensign"), alleges and avers the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 and 216(b).

2. Plaintiff is a citizen and resident of the State and District of Colorado.

3. Defendant Ensign is a Colorado corporation with its principle place of business in Denver, Colorado.

4. Upon information and belief, Defendant is engaged in natural gas well drilling in at least, Colorado, North Dakota, Wyoming, Texas, and Louisiana.

5. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s) in that Defendant had, at all relevant times, two or more employees handling, selling, or

otherwise working on goods or materials that have been moved in, or produced for, commerce and Defendant had annual gross volume of sales made or business done of at least $500,000.

6. Defendant, at all relevant times, was an "employer" who "employed" Plaintiff to perform "work," as defined by 29 U.S.C. §§ 203(d) and 203(g).

7. Plaintiff's consent to be a party plaintiff is filed contemporaneously with this Complaint.

8. Other "Measuring While Drilling" (MWD) operators employed by Ensign, as was Plaintiff, are "similarly situated" to Plaintiff within the meaning of 29 U.S.C. § 216(b). The nationwide class of similarly situated employees ("Putative Class Members") consists of all individuals who were (a) employed by Ensign United States Drilling, Inc. over the past three years; (b) worked as a MWD; and (c) were not paid overtime compensation.

9. During the three year period immediately preceding the filing of this Complaint Ensign employed Plaintiff as a MWD operator and employee in a non-exempt position.

10. Plaintiff was hired by Ensign in April 2012 and was laid off on or about September 10, 2015.

11. Defendant paid Plaintiff a base salary of $960 each 2 weeks plus a daily rate. The daily rate at the outset of Plaintiff's employment was $330 and this was increased to $440 on or about September 12, 2014. On or about March 13, 2015 the day rate was changed to $396 until it was raised again to $413 on or about July 3, 2015. When laid off Plaintiff was paid a day rate of $413 for a 12 hour shift plus $960 each 2 weeks.

12. As a MWD operator, Plaintiff's primary duties consisted of picking up and loading the disassembled MWD tool, driving the tool to the drill site, assembling the tool so that the roughnecks could place the tool into the drill hole, operating oilfield machinery, monitoring the

survey and measurements as they were compiled by the tool's software program(s), and communicating the data to the drillers by radio.

13. Plaintiff would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan. The well plan was created, implemented, and regularly maintained by the well site supervisors of Defendant.

14. Plaintiff's activities were routine and largely governed by standardized plans created by Defendant including the tools to use at a job site, the data to compile, and schedule of work and related work duties.

15. Plaintiff's job functions were primarily manual labor in nature, requiring little to no official training. A college education was not required for Plaintiff's job as a MWD. Defendant routinely hired workers with no prior experience or training to perform the duties of a MWD. Plaintiff received only a few days of orientation, and rode along with another MWD for less than a month before he was assigned to a rig to work.

16. As an MWD operator, Plaintiff did not have any supervisor, administrative or management duties.

17. During the three year period immediately preceding this Complaint, Plaintiff regularly worked in excess of forty hours per workweek.

18. Plaintiff was generally scheduled to work 84 hours per workweek and he often worked more.

19. Plaintiff's schedule of work would be ordered by Defendant and require Plaintiff to drive to the drill site and remain there until the well was completed. He was required to be at the site 24 hours a day, 7 days a week, until the well was completed.

20. As an example of Plaintiff's overtime work, in the week of March 21 through March 27, 2014, Plaintiff worked 84 hours based on a 12 hour shift for 7 days. Thus he worked on shift for 44 hours in excess of 40, and this is only considering the shifts he was assigned and does not include on-call or regularly worked hours beyond his 12 hour shift.

21. Plaintiff was not compensated for overtime, including the scheduled 12-hour shifts in excess of 40 hours per week, the hours he worked in addition to and beyond his scheduled 12-hour shifts, the hours he worked while on-call, or the hours he worked while residing at the drill-site.

22. Defendant has knowingly and willfully violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1), by failing and refusing to pay overtime compensation. Thus, Plaintiff and those similarly situated are entitled to liquidated double damages.

23. Defendant's conduct has been willful, thus entitling Plaintiff to reasonable attorneys fees as provided by 29 U.S.C. § 216(b).

24. Numerous employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. From Plaintiff's observations and discussions with other MWDs, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members nationwide.

25. The Putative Class Members all received a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

26. Defendant's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

27. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

28. The similarly situated MWDs each have claims to overtime compensation which are of the same nature as Plaintiff's claim. Defendant is in possession of the names, addresses and employment records of the MWDs similarly situated to Plaintiffs. Pursuant to 29 U.S.C. § 216(b), these individuals are entitled to Court-ordered notice of this lawsuit so that they may have the opportunity to give written consent to become a party-plaintiff.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and asks that the Court:

1. Award Plaintiff, and those similarly situated, the overtime compensation due and owing in an amount to be determined at trial;

2. Award Plaintiff, and those similarly situated, liquidated double damages in an amount to be determined at trial;

3. Award Plaintiff, and those similarly situated, their reasonable attorneys' fees and costs; and

4. Award such other relief as this Court deems equitable, just, and appropriate.

PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6).

Respectfully submitted,

KARP NEU HANLON, P.C.

*Demrow v. Ensign United States Drilling, Inc.*
Complaint
Page 6 of 6

By: /s/*Sander N. Karp
Sander N. Karp
Delphine F. Janey
201 14th Street, Suite 200
Glenwood Springs, CO 81601
Phone: (970) 945-2261
Facsimile: (970) 945-7336
snk@mountainlawfirm.com
dfj@mountainlawfirm.com

Address of Plaintiff:
Andrew L. Demrow
3051 Sage Creek Road, D20
Fort Collins, CO 80528